UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

VPR INTERNATIONALE,[1]

        PLAINTIFF,

   vs.                                         11-2068

DOES 1-1017,
individually and as representatives
of a class,

        DEFENDANTS.

ORDER ON MOTION FOR EXPEDITED DISCOVERY

    In this novel case, which has turned Fed. R. Civ. P. 23 on its head, an identified existing entity, acting as a plaintiff, seeks to sue a class of unnamed individuals, denominated only as Does 1 through 1017. There has been no service of process yet because, obviously, there is no identified "person" to serve within the meaning of Fed. R. Civ. P. 4. So at this point the court has no personal jurisdiction over anyone. The Does, perhaps, are subscribers who have an internet service address. All that identifies the Does are multi-digit internet subscriber addresses.

    There is nothing to lead the court to believe that expedited discovery is necessary in the case. There is no basis to believe that information will be lost or evidence destroyed that would justify expedited discovery that is not conducted in an adversarial procedure.

    Certainly there are existing, identified entities who could be named as defendants that have control over or know the identity of a particular internet service address customer. Their being named in the suit would give the court an entity upon whom process could possibly be served and provide personal jurisdiction over identified parties to the suit. The identified, existing defendant over whom the court had personal jurisdiction could then participate in an adversarial proceeding where questions or claims of privilege or protection could be raised. *See* Fed. R. Civ. P. 45(d)(2).

    Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose and intent of Fed. R. Civ. P. 23 .

    The motion to expedite discovery [6] is denied.

    Enter this 9th day of March, 2011.

                                  s/Harold A. Baker
                                  Harold A. Baker
                             United States District Judge

---

[1] Identified in the pleadings as a "Montreal based producer of adult entertainment," nothing indicates whether VPR is a *sui juris* entity.