# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| VPR INTERNATIONALE, | CASE NO. 2:11-cv-2068-HAB-DGB |
| Plaintiff, | Judge: Harold A. Baker |
| v. | Magistrate Judge: David G. Bernthal |
| DOES 1 – 1017, | |
| Individually, and as Representatives of a class | |
| Defendants. | |

**PLAINTIFF'S *EX PARTE* MOTION FOR RECONSIDERATION OF THE ORDER DENYING EXPEDITED DISCOVERY**

Plaintiff, through its undersigned counsel, hereby moves this Court *ex parte* for reconsideration of its Order denying Plaintiff's motion for expedited discovery. This motion is based upon the case record, the attached memorandum and the authorities cited therein. Plaintiff seeks the Court's leave to conduct limited early discovery for the following reasons, which are discussed in greater depth in the attached memorandum.

1. Plaintiff's only means of obtaining relief is through the issuance of Rule 45 Subpoenas because VPR has no basis for naming ISPs as defendants in this action;

2. The narrowly tailored early discovery sought by Plaintiff is under imminent threat of destruction, as is demonstrated by publicly available data retention policies;

3. The Court's concerns about the ability of Defendants to assert claims of privilege or protection as third parties should be satisfied by rulings from this District and the Seventh Circuit, all of which hold that a third party has standing to quash a

      subpoena when the party claims some right or privilege with regard to the documents sought;

4. The Court's concerns regarding a "fishing expedition" should be measured in light of the narrowly-tailored nature of Plaintiff's discovery request and must give way to controlling Supreme Court and Seventh Circuit precedent;

5. Under controlling Seventh Circuit precedent, it is an abuse of discretion to deny discovery necessary for class certification;

6. Under controlling Seventh Circuit precedent, it is an abuse of discretion to fail to assist plaintiffs in discovering a defendant's true identity;

7. The Court's concern that Plaintiff's suit is a "perversion of the purpose and intent of Fed. R. Civ. P. 23" should be measured in light of the plain language of Rule 23, the rich history of defendant class actions, the existence of class certification decisions in modern defendant class actions in the intellectual property context and recent scholarly work in support of the manner in which Plaintiff has structured its action; and

8. District courts in this circuit, including in a case structured identically to the present action, have uniformly granted similar motions for expedited discovery. A list of exemplar case names, judge names and dates of the respective orders granting expedited discovery is set forth in lettered paragraphs below:

[intentionally left blank]

a. OpenMind Solutions, Inc. v. Does 1-2925; Hon. G. Patrick Murphy; motion for expedited discovery granted on February 10, 2011;

b. MCGIP, LLC v. Does 1-1164; Hon. William J. Hibbler; motion for expedited discovery with respect to certain Doe granted on February 10, 2011;

c. MCGIP, LLC v. Does 1-316; Hon. Virginia M. Kendall; motion for expedited discovery granted on October 25, 2010;

d. Future Blue, Inc. v. Does 1-300; Hon. Jeffrey T. Gilbert; motion for expedited discovery granted on October 7, 2010;

e. CP Productions, Inc. v. Does 1-300; Hon. Milton I. Shadur; motion for expedited discovery granted on October 13, 2010 (case later dismissed without prejudice on Fed. R. Civ. P. Rule 4(m) grounds);

f. First Time Videos, LLC v. Does 1-500; Hon. Ruben Castillo; case dismissed without prejudice on grounds of misjoinder, but motion for expedited discovery in order to ascertain the identity of Doe Defendants granted on October 1, 2010;

g. Hard Drive Productions, Inc. v. Does 1-100; Hon. James B. Zagel; order for expedited discovery granted on September 9, 2010;

h. Lightspeed Media Corporation v. Does 1-100; Hon. Morton Denlow; order for expedited discovery granted on September 15, 2010; and

i. Millennium TGA, Inc. v. Does 1-100; Hon. Michael T. Mason; order for expedited discovery granted September 13, 2010.

[intentionally left blank]

For all the reasons articulated in the attached memorandum, Plaintiff respectfully asks the Court to grant this motion and enter an Order substantially in the form of the attached Proposed Order.

                                 Respectfully submitted,

                                 VPR Internationale

DATED: March 11, 2011

                            By:    s/ John Steele
                                  One of its Attorneys

| | |
|---|---|
| Jon Rosenstengel # 06216770 | John Steele # 6292158 |
| Bonifield & Rosenstengel PC | Steele Hansmeier PLLC |
| 16 E. Main St. | 161 N. Clark St. |
| Belleville, IL 62220 | Suite 4700 |
| 618-277-7740; Fax 618-277-5155 | Chicago, IL 60601 |
| jonrose@icss.net | 312-880-9160; Fax 312-893-5677 |
| | jlsteele@wefightpiracy.com |
| Jerald J. Bonifield # 00251194 | *Lead Counsel* |
| Bonifield & Rosenstengel PC. | |
| 16 E. Main St. | |
| Belleville, IL 62220 | |
| 618-277-7740; Fax 618-277-5155 | |
| jerryb1066@yahoo.com | **Attorneys for Plaintiff** |