IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| VPR INTERNATIONALE, | CASE NO. 2:11-cv-2068-HAB-DGB |
| Plaintiff, | Judge: Harold A. Baker |
| v. | Magistrate Judge: David G. Bernthal |
| DOES 1 – 1017, | |
| Individually, and as Representatives of a class | |
| Defendants. | |

**PLAINTIFF'S MOTION TO CERTIFY THE COURT'S MARCH 9, 2011 ORDER FOR INTERLOCUTORY REVIEW**

Plaintiff VPR Internationale (VPR) moves this Court under 28 U.S.C. § 1292(b) to certify its March 9, 2011 Order on Plaintiff's Motion for Expedited Discovery ("Order") for immediate interlocutory review. In particular, VPR asks the Court to certify to the Seventh Circuit one controlling question of law:

> Defendants' identities are unknown to the Plaintiff. Instead, each Defendant is associated with an Internet Protocol (IP) address. Internet Service Providers (ISPs) know identity and contact information associated with each IP address. Is the Plaintiff entitled to discover this information by serving ISPs with subpoenas *duces tecum* under Fed. R. Civ. P. 45?

Certification is appropriate because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the [O]rder may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, VPR moves the Court to amend the Order "to include the required permission or statement" to certify an interlocutory appeal. Fed. R. App. P. 5(a)(3).

1

## ARGUMENT

There are four statutory criteria for granting section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable* time after the order sought to be appealed. *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000). The statute requires the petition to be filed in the Court of Appeals within 10 days of the district court's 1292(b) order, but there is no statutory deadline for the filing of the petition in the district court. *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). All five requirements are satisfied in this case.

**1.     The Order Presents Question of Law**

The term "question of law" in section 1292(b) refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 677. As the Seventh Circuit has pointed out, decisions holding that the application of a legal standard is a controlling question of law within the meaning of section 1292(b) are numerous. *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 626 (7th Cir. 2010) (collecting cases). This case involves neither "hunting through a record" or forcing the Court of Appeals to immerse itself in a complicated issue of material fact. *Id.* Instead, the question VPR is asking the district court to certify turns on the application of Rules of Civil Procedure and common law doctrine on discovery to a straightforward set of facts.

**2.     The Question of Law Is Controlling**

This question of law is *controlling* because without discovery, this case is over. *In re Text Messaging Antitrust Litigation*, 630 F.3d at 625. Without the identity of the Defendants,

VPR is unable to name or serve them, identify a class representative, or move for class certification. There is nothing left for VPR to do but move to dismiss the case.

3. **There Is Substantial Ground for Difference of Opinion**

Since VPR has been unable to discover Defendants' identities, no Defendant has been named or served in this case and therefore, no Defendant has appeared in this action to contest VPR's discovery motion. However, other courts in this Circuit have ruled that a plaintiff is entitled to discovery under virtually identical circumstances, and in those cases, defendants and *amici* have appeared and contested the discovery of Defendants' identities. *See, e.g.*, *Lightspeed Media Corporation v. Does 1–1000*, 10-cv-05604, Order Granting Plaintiff's *Ex Parte* Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, Doc. #14 (N.D. Ill. Sept. 15, 2010); *First Time Videos LLC v. Does 1–500*, 10-cv-06254, Order on Motion to Expedite, Doc #10 (N.D. Ill. Oct. 1, 2010) ("Plaintiff's motion for leave to proceed with discovery . . . is granted."). Therefore, the question is contestable within the meaning of § 1292(b). A definitive ruling from the Seventh Circuit would prevent forum shopping where under the same set of circumstances, discovery is permitted in the Northern, but not the Central District of Illinois.

Further, the "substantial ground for difference of opinion" element has been interpreted to require a "substantial likelihood . . . that the interlocutory order will be reversed on appeal." *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 901 (N.D. Ill. 1997). As VPR discussed in its March 11th motion for reconsideration, the Seventh Circuit frequently reverses orders denying discovery where defendants' identities are not known and where the discovery is necessary for class certification. Thus, VPR's petition satisfies this statutory element.

4. **Immediate Appeal from the Order May Result in Termination of this Litigation**

Immediate appeal from the Order may "materially advance the ultimate termination of the litigation" because as discussed above, without discovery of Defendants' identities, VPR

cannot move forward with this litigation and would have to dismiss this case. Unlike typical discovery orders, this Court's Order is effectively unreviewable on final judgment because without discovery, there will never be a final judgment entered by this Court other than eventual order to dismiss without prejudice for failure to serve within 120 days under the Rule 4(m). Therefore, certifying this question for an appeal would not violate appellate court's policy against piecemeal reviews.

In addition, the Seventh Circuit suggested that certifying a question is appropriate when it is novel and has not been addressed by the Court of Appeals. *In re Text Messaging Antitrust Litigation*, 630 F.3d at 626–27. The Seventh Circuit has not ruled on discovery in copyright infringement cases where Defendants are hidden behind their IP addresses; nor has it addressed questions of discovery in defendant class action cases. Therefore, this question is appropriate for review by the appellate court.

**5.    This Petition Is Filed Within Reasonable Time**

Finally, VPR makes its motion within reasonable amount of time after the entry of the Order. Although the Seventh Circuit has not ruled on what constitutes a "reasonable time" to move the district court to certify a question for appeal, barely three weeks has passed since the entry of the Court's Order. During this time, VPR moved this court to reconsider its March 9th Order on March 11th. The Court then denied the motion for reconsideration on March 22nd. Now, having exhausted all opportunities for review at the district court level, VPR moves this Court to certify its order for immediate interlocutory appeal.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court certify its March 9, 2011 Order for interlocutory review by the Seventh Circuit Court of Appeals under 28 U.S.C. § 1292(b).

                                  Respectfully submitted,

                                  VPR Internationale

DATED: April 11, 2011

                            By:    <u>s/ John Steele</u>
                                        One of its Attorneys

| | |
|---|---|
| Jon Rosenstengel # 06216770<br>Bonifield & Rosenstengel PC<br>16 E. Main St.<br>Belleville, IL 62220<br>618-277-7740; Fax 618-277-5155<br>jonrose@icss.net<br><br>Jerald J. Bonifield # 00251194<br>Bonifield & Rosenstengel PC.<br>16 E. Main St.<br>Belleville, IL 62220<br>618-277-7740; Fax 618-277-5155<br>jerryb1066@yahoo.com | John Steele # 6292158<br>Steele Hansmeier PLLC<br>161 N. Clark St.<br>Suite 4700<br>Chicago, IL 60601<br>312-880-9160; Fax 312-893-5677<br>jlsteele@wefightpiracy.com<br>*Lead Counsel*<br><br>**Attorneys for Plaintiff** |