# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse  
Room 2722 - 219 S. Dearborn Street  
Chicago, Illinois 60604



Office of the Clerk  
Phone: (312) 435-5850  
www.ca7.uscourts.gov

**ORDER**

Submitted June 6, 2011  
Decided June 10, 2011

**CERTIFIED COPY**

A True Copy  
Teste:

Deputy Clerk  
of the United States  
Court of Appeals for the  
Seventh Circuit

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| No.: 11-2257 | IN RE: <br> VPR INTERNATIONALE, <br> Petitioner |
|---|---|
| **Petition for Writ of Mandamus** ||
| District Court No: 2:11-cv-02068-HAB-DGB <br> District Judge Harold A. Baker ||

Upon consideration of the **PETITION FOR A WRIT OF MANDAMUS,** filed on June 3, 2011, by counsel for the petitioner,

**IT IS ORDERED** that the petition is **DENIED** without prejudice. This court shares the district court's concern that a class action is not the proper vehicle for this litigation. *See generally Henson v. East Lincoln Twp.*, 814 F.2d 410, 412-13 (7th Cir. 1987). Accordingly, the district court is encouraged to solicit briefing from petitioner on the propriety of pursuing this action on a class-wide basis so that the district court can screen the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). If the district court denies leave to proceed on a class-wide basis, petitioner can seek leave to appeal. *See* Fed. R. Civ. P. 23(f). If the district court dismisses the complaint with prejudice, petitioner can appeal. Of course, if the district court takes either of these two courses of action, petitioner could also choose to proceed with individual suits against alleged infringers. If the district court allows this case to go forward as a class, but still denies ex parte discovery, petitioner has leave to file a second petition for the writ of mandamus.

form name: **c7_Order_3J**(form ID: **177**)