E-FILED
Monday, 27 June, 2011  07:56:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| VPR INTERNATIONALE, | Case No. 2:11-cv-2068 |
| Plaintiff, | Judge: Hon. Harold A. Baker |
| v. | Magistrate Judge: Hon. David G. Bernthal |
| DOES 1-1017, | |
| Individually, and as Representatives of a class, | |
| Defendants. | |

### THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE

#### I.   INTRODUCTION

The Electronic Frontier Foundation ("EFF") respectfully requests that this Court grant it leave to file an *amicus curiae* brief.  No one currently before this Court represents the interests of the anonymous Doe Defendants whom Plaintiff seeks to unmask and we strongly believe that the Court would benefit from a thorough explanation of (a) the context of the recent nationwide campaign of mass end-user litigation against alleged infringing downloaders; (b) the substantive and procedural safeguards that protect the Doe Defendants; and (c) the relevant rules regarding class actions and joinder and how their rigorous application is especially important in cases in which, as here, implicates the rights of more than 1,000 anonymous Defendants.

With respect to the latter, EFF's brief will discuss several recent decisions in related cases in other jurisdictions, in which tens of thousands Does have been severed for misjoinder in the past few months alone.  EFF's filing will compile many of those decisions as of the date of filing in order to advise the Court of important additional persuasive authority from other courts across the country that have been asked to entertain these novel suits.

1

## II.    INTEREST OF AMICUS

EFF is a non-profit, member-supported civil liberties organization working to protect rights in the digital world.  EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most-linked-to Web sites (http://www.eff.org) in the world.  Currently, EFF is supported by more than 500 paying members in Illinois.  In addition, more than 2,500 Illinois residents subscribe to EFF's weekly e-mail newsletter, *EFFector*.

As part of its mission, EFF has served as counsel or *amicus* in several cases in which plaintiffs have attempted to sue hundreds or even thousands of anonymous John Doe defendants from all over the country in individual lawsuits, alleging copyright infringement, often of a single pornographic movie.  For example, EFF has been appointed attorneys *ad litem* to represent 670 Doe defendants in a similar case in the Northern District of Texas[1] and has participated as amicus in numerous others nationwide,[2] including in the Southern and Northern Districts of Illinois.[3]  While EFF takes no position on the merits of the actual copyright claims in these cases, EFF is deeply concerned that the litigation tactics commonly used by the plaintiffs bypass basic due process and First Amendment protections that should apply to every defendant, in every lawsuit.  Outside the courtroom, EFF offers resources for the many Does in these cases who are seeking counsel and trying to understand the nature of the litigation in which they have become embroiled,[4] and has played a leading role in advising the public of the latest developments in

---

[1] *Mick Haig Prods. v. Does 1 – 670,* No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010). The case was voluntarily dismissed with prejudice following the filing of EFF's motion to quash.  *Id.*, Docket No. 9.

[2] *See, e.g., First Time Videos, LLC v. Does 1 – 500,* No. 1:10-cv-06254 (N.D. Ill. Jan. 14, 2011) (motion for leave to file as amicus pending); *Call of the Wild Movie LLC v. Does 1 – 1,062,* No. 1:10-cv-0455 (D.D.C. Jan. 3, 2011); *Third World Media LLC v. Does 1 – 1,243*, No. 3:10-cv-0090 (N.D. W. Va. Nov. 23, 2010); *Mick Haig Prods. v. Does 1 – 670,* No. 3:10-cv-01900 (N.D. Tex. Oct. 25, 2010).

[3] *Millenium TGA Inc. v. Does 1 – 800*, No. 1:10-cv-05603 (N.D. Ill Mar. 31, 2011); *OpenMind Solutions, Inc. v. Does 1 – 2925*, No. 3:11-cv-00092 (S.D. Ill. Mar. 25, 2011).

[4] For example, EFF's website includes pages regarding subpoena defense resources and mass copyright litigation.  *Subpoena Defense Resources*, Electronic Frontier Foundation,

these cases.[5] In short, EFF has been involved in these cases almost from their inception, which allows it in turn to offer the Court its unique perspective along with the aforementioned information.

EFF seeks leave to file its amicus brief in this action because the Plaintiff seeks to use the authority of this Court to unmask thousands of Doe Defendants, in contravention of (1) the federal rules governing both joinder and class actions; (2) appropriate jurisdiction principles; and (3) well-settled First Amendment jurisprudence. Especially as there is no indication that the targets of the Complaint have been made aware of these proceedings, EFF respectfully requests that it be permitted to appear in order to submit to the Court a discussion of the relevant legal landscape.

As EFF will explain in detail in its brief, the federal courts have procedural and substantive safeguards in place to protect the rights of individual defendants, several of which Plaintiff in this mass copyright case has not followed. Courts nationwide have recognized this, and have severed these cases, effectively dismissing tens of thousands Doe Defendants nationwide. *See, e.g., Third World Media, LLC v. Does 1 - 1,243,* Case No. 3:10-cv-0090 (N.D. W.Va. Dec. 16, 2010) ("[S]everal courts agree that where there is no allegation that multiple defendants have acted in concert, joinder is improper."); *IO Group, Inc. v. Does 1 - 453,* Case No. 10-4382 (N.D. Cal. Jan. 10, 2011) ("[T]he allegations that defendants simply used the same peer-to-peer network to download plaintiff's work – on many different days at many different times – is insufficient to allow plaintiff to litigate against hundreds of different Doe defendants in one action."). Indeed, the Northern District of Illinois has repeatedly rejected attempts by Plaintiff's counsel to employ these improper tactics. *See Lightspeed v. Does 1-1000*, No. 1:10-

---

https://www.eff.org/issues/file-sharing/subpoena-defense (last visited March 11, 2011); *Copyright Trolls*, Electronic Frontier Foundation, https://www.eff.org/issues/copyright-trolls (last visited March 11, 2011).

[5] *See, e.g.*, Amanda Becker, *New District Law Group Tackles Movie File-sharing,* Wash. Post (June 14, 2010)*,* http://www.washingtonpost.com/wp-dyn/content/article/2010/06/11/AR2010061105738.html?hpid=topnews; Greg Sandoval, *EFF's Cohn Fights Copyright's "Underbelly,"* CNET (Oct. 19, 2010), http://news.cnet.com/8301-31001_3-20020028-261.html.

cv-05604, 2011 U.S. Dist. LEXIS 35392 (N.D. Ill. Mar. 31, 2011) (granting one defendant's motion for improper joinder and severing all other Doe defendants); *Millenium TGA Inc. v. Does 1-800*, No. 1:10-cv-05603, U.S. Dist. LEXIS 35406 (N.D. Ill Mar. 31, 2011) (concluding *sua sponte* that defendants were improperly joined and severing all defendants); *CP Prods., Inc. v. Does 1-300*, No. 1:10-cv-06255 (N.D. Ill. Feb. 7, 2011) (dismissing the action against all defendants and noting that "the course of action chosen by counsel for [plaintiff] plainly has the potential to perpetrate the type of abuse identified in the most recent motion to quash").

Apparently aware that its Complaint would not pass legal muster using joinder under Fed. R. Civ. P. 20, Plaintiff here attempts to bring more than 1,000 Defendants under this Court's jurisdiction by maintaining a reverse class action. This is clearly improper. Due to the inherently and fundamentally troubling nature of suing a class of unnamed defendants, most – if not all – of whom will not be responsible for his or her own defense, the "due process rights of unnamed class members of a defendant class are entitled to special solicitude." *Pabst Brewing, Inc. v. Corrao*, 161 F.3d 434, 439 (7th Cir. 1998).

Of course, Plaintiff has not yet moved to certify the defendant class. Indeed, EFF fears that that is precisely the point of Plaintiff's strategy. By deferring certification, it hopes to deter the Court from inspecting too closely its Potemkin class action. As with other mass copyright suits filed all over the country, the true goal is not to reach the underlying merits, but to obtain discovery of Defendants' identities as a means to extract settlements from fearful, unrepresented, and poorly-informed individuals.

EFF's concerns are based, in part, on the context of the case. This litigation is just the latest iteration of a disturbing trend of mass copyright cases, in which more than 100,000 people have been sued in lawsuits around the country since March 2010. These cases do not appear to be filed with the intention of litigating them. Instead, it seems that in these cases the plaintiffs' lawyers hope to take advantage of the threat of an award of statutory damages and attorneys' fees, the ignorance of those sued about their potential defenses, and, in many cases, the stigma that is associated with downloading pornographic movies, to induce the anonymous defendants

into settling the case for a payment of roughly $1,500 to $2,500 dollars.[6] It is no coincidence that this amount is less than a defendant would likely have to spend just to hire a lawyer to defend the case.[7] Thus, the Court's decision on whether Plaintiff will be able to obtain the identities of the Defendants may be the last chance that the Court has to ensure that the Defendants are treated justly.

### III. CONCLUSION

For the foregoing reasons, EFF respectfully requests leave to file an *amicus curiae* brief, and supplemental documents thereto.

Respectfully submitted,

Dated:  June 27, 2011                         By  /s/ *Charles Lee Mudd, Jr.*
                                              Charles Lee Mudd Jr.
                                              Mudd Law Offices
                                              3114 West Irving Park Road, Suite 1W
                                              Chicago, Illinois  60618
                                              ARDC: 6257957
                                              (773) 588-5410
                                              cmudd@muddlawoffices.com

                                              Julie P. Samuels
                                              Electronic Frontier Foundation
                                              454 Shotwell St.
                                              San Francisco, CA 94110
                                              ARDC: 6287282
                                              (415) 436-9333
                                              julie@eff.org

                                              Attorneys for Amicus Curiae EFF

---

[6] Indeed, plaintiffs' counsel in these cases have made public statements to this effect. *See, e.g.,* John Council, *Adult Film Company's Suit Shows Texas Is Good for Copyright Cases,* Tex. Law., Oct. 4, 2010, *available at* http://www.law.com/jsp/tx/PubArticleTX.jsp?id=1202472786304&slreturn=1&hbxlogin=1; *Porn Titans Come Together to Expose Pirates*, The Independent, September 27, 2010, *available at* http://www.independent.co.uk/arts-entertainment/films/porn-titans-come-together-to-expose-pirates-2090786.html.

[7] As EFF will describe in its brief, strong defenses exist for many sued. For example, it appears that Plaintiff in this case would be hard-pressed to prove actual damages caused by any particular Defendant. Furthermore, there is a reasonable chance that Plaintiff will not have any basis for seeking statutory damages.

## CERTIFICATE OF SERVICE

I, Charles Lee Mudd, Jr., do hereby certify that service of **THE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO APPEAR AS AMICUS CURIAE** was accomplished pursuant to Electronic Case Filing as to ECF Filing Users and shall be served upon all other parties listed in the attached Service List by sending said documents via postage pre-paid U.S. mail on this 27th day of June 2011.

/s/Charles Lee Mudd, Jr.
Charles Lee Mudd, Jr.

Charles Lee Mudd, Jr.
Mudd Law Offices
3114 W. Irving Park Road
Suite 1W
Chicago, Illinois  60618
773.588.5410 (Telephone)
773.588.5440 (Facsimile)
cmudd@muddlawoffices.com
ARDC: 6257957

**SERVICE LIST**

All counsel of record are ECF users.